## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

**LOUIS J. PEARLMAN,** *et al.,*

      **Debtor.**

_____/

**Case No. 6:07-bk-00761-ABB**
    **Jointly Administered**
**Chapter 11**

**SONEET R. KAPILA, as CHAPTER 11**
**TRUSTEE for TRANS**
**CONTINENTAL RECORDS, INC.,**

      **Plaintiff,**

v.

**JENKINS & GILCHRIST PARKER**
**CHAPIN, LLP**

      **Defendant.**

_____/

**Adv. P. No. 6:09-ap-_____**

## COMPLAINT TO AVOID AND RECOVER
## FRAUDULENT TRANSFERS AND FOR OTHER RELIEF

Plaintiff, Soneet R. Kapila, as the Chapter 11 Trustee ("Trustee" and/or "Plaintiff") for the bankruptcy estate of Trans Continental Records, Inc. in Case No 6:07-bk-832-ABB ("TCR" or "Debtor") shall by and through undersigned counsel, files his Complaint To Avoid and Recover Fraudulent Transfers and for Other Relief against Jenkins & Gilchrist Parker Chapin, LLP ("Jenkins" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1334 and 157.

2.      Venue is proper in this district under 28 U.S.C. § 1409.

{O1409925;1}

3.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (B), (H) and (O).

## PARTIES

4.     Plaintiff is the court-appointed Chapter 11 Trustee for the bankruptcy estates of LJPE, TCR, and each other jointly administered estates.

5.     Upon information and belief, Jenkins is a New York limited liability partnership .

## FACTUAL BACKGROUND

6.     On March 7, 2007, David D. Mathis, Beverly Mathis, and Roberta D. Jordan (the "TCR Petitioning Creditors") filed against TCR an involuntary petition under Chapter 7 of the Bankruptcy Code (the "TCR Petition Date")(together with the Pearlman Petition Date, LJPE Petition Date and TCR Petition Date as applicable, the "Petition Date").

7.     On April 4, 2007, the TCR Petitioning Creditors filed a motion to convert case to a Chapter 11 proceeding (TCR Dkt. No. 18) and a motion to appoint a trustee upon conversion to Chapter 11 (TCR Dkt. No. 19).

8.     On May 9, 2007, the Court entered both an order converting the TCR case to a proceeding under Chapter 11 of the Bankruptcy Code (TCR Dkt. No. 34) and its Order for Relief Under Chapter 11 (TCR Dkt. No. 37).

9.     On May 10, 2007, the Court entered its Order Directing the Appointment of Chapter 11 Trustee (TCR Dkt. No. 40).

10.     On May 11, 2007, the United States Trustee filed its Notice of Appointment of Trustee (TCR Dkt. No. 41), appointing Plaintiff as the Chapter 11 Trustee for TCR.

11.     On May 25, 2007, this Court entered its Order Approving the Trustee's appointment (TCR Dkt. No. 52).

{O1409925;1}

12.    On July 31, 2007, this Court entered its Order pursuant to which the Pearlman bankruptcy case, the LJPE and TCR bankruptcy cases and the bankruptcy cases of the other debtors were jointly administered with the Pearlman bankruptcy case designated as the lead case (Pearlman Dkt. No. 228; LJPE Dkt. No. 55; TCR Dkt. No. 86).

## THE TRANSFERS

13.    Debtor transferred property to or for the benefit of the Defendant two years prior to the Petition Date in the amount and on the dates set forth on **Exhibit A**, which is incorporated herein by reference and made part hereof (the "Two Year Transfers").

14.    Debtor transferred property to or for the benefit of the Defendant four years prior to the Petition Date in the amount and on the dates set forth on **Exhibit B**, which is incorporated herein by reference and made part hereof (the "Four Year Transfers").

15.    Debtor received less than equivalent value in exchange for the transfer(s) identified above.

16.    Debtor was insolvent on the date that the transfer(s) identified above were made by Debtor.

## COUNT I
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550

17.    Paragraphs 1 through 16 inclusive are realleged and incorporated herein by reference.

18.    This is an adversary proceeding to recover constructive fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), and 550.

19.    Within two years prior to the Petition Date, Debtor transferred the Two Year Transfers to or for the benefit of Defendant.

{01409925;1}

20. Debtor received less than reasonably equivalent value in exchange for transferring the Two Year Transfers to Defendant.

21. At the time of the Two Year Transfers, Debtor was insolvent or became insolvent as a result thereof, and remained insolvent continuously thereafter.

22. At the time of the Two Year Transfers, Debtor was engaged or were about to engage in business or a transaction for which the remaining property of Debtor constituted an unreasonably small amount of capital.

23. At the time of the Two Year Transfers, Debtor intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond Debtor's ability to pay as they matured.

24. The Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

25. Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent that the Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE,** the Trustee demands judgment against Defendant as follows: (i) determining that the Two Year Transfers are fraudulent and avoidable under 11 U.S.C. § 548(a)(1)(B); (ii) avoiding the Two Year Transfers and entering judgment in favor of the Trustee against Defendant for the amount of the Two Year Transfers pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against Debtor or any other debtor jointly administered with Debtor, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (iv) for such other and further relief as the Court deems just and proper.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544(B)(1) AND 550 AND FLA. STAT. §§ 726.105(1)(B), 726.106(1), AND 726.108

26.    Paragraphs 1 through 16 inclusive are realleged and incorporated herein by reference.

27.    This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 550, and Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.* ("FUFTA").

28.    Within four years prior to the Petition Date, Debtor transferred the Four Year Transfers to or for the benefit of Defendant.

29.    Debtor received no fair consideration in exchange for the Four Year Transfers.

30.    At the time of the Four Year Transfers, Debtor was insolvent and remained insolvent continuously thereafter.

31.    At the time of the Four Year Transfers, Debtor was engaged in a business or transaction for which its respective remaining property constituted an unreasonably small amount of capital in relation to its business or transaction.

32.    At the time of the Four Year Transfers, Debtor intended to incur, believed or reasonably should have believed that it would incur, debts that would be beyond Debtor's respective ability to pay as they became due.

33.    There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

34.    The Four Year Transfers are avoidable under Fla. Stat. §§ 726.105(1)(b), 726.106(1), and 726.108(1)(a), and 11 U.S.C. § 544(b)(1).

35.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the Debtor estate is authorized to the extent the Four Year Transfers are avoided under 11 U.S.C. § 544(b)(1) and FUFTA.

WHEREFORE, the Trustee demands judgment against Defendant as follows: (i) determining that the Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §§ 544(b) and 550 and FUFTA; (ii) avoiding the Four Year Transfers and entering judgment in favor of the Trustee against Defendant for the amount of the Four Year Transfers pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment from the date of the transfers and post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against Debtor or any other debtor jointly administered with Debtor, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (iv) for such other and further relief as the Court deems just and proper.

<u>**RESERVATION OF RIGHTS**</u>

The Trustee reserves the right to amend this Complaint to add additional claims that the Trustee may discover.

Dated:  May 8, 2009

**AKERMAN SENTERFITT**

/s/      *Samual A. Miller*
Denise D. Dell-Powell, Esquire
Fla. Bar No. 0890472
Samual A. Miller, Esquire
Fla. Bar No. 0034991
420 S. Orange Ave., Suite 1200
Post Office Box 231
Orlando, Florida  32802
Telephone:  (407) 423-4000
Facsimile: (407) 843-6610
Email:  Denise.DellPowell@akerman.com
          Samual.Miller@akerman.com

and

Michael I. Goldberg, Esquire
Florida Bar No.: 886602
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL 33301-2229
Phone:  (954) 463-2700
Fax: (954) 463-2224
E-mail:  Michael.Goldberg@akerman.com

**ATTORNEYS FOR PLAINTIFF**

Louis J. Pearlman Et Al
Case No. 6:07-bk-00761-ABB
United States Bankruptcy Court
Middle District of Florida - Orlando Division

## Jenkins & Gilchrist Parker Chapin - 4 Year

| Entity | Statement Clearing Date | Check No. | Payee / Received From | Checks / Credits |
|---|---|---|---|---|
| Trans Continental Records Inc. | 09/18/03 | 1328 | Jenkins & Gilchrist Parkers | 40,000.00 |
| Trans Continental Records Inc. | 10/06/03 | | Jenkins & Gilchrist Parkers | 10,000 00 |
| Trans Continental Records Inc. | 11/05/03 | | Jenkins & Gilchrist Parker | 10,000.00 |
| Trans Continental Records Inc. | 12/10/03 | 1820 | Jenkins & Gilchrist Parker Chapin, LLP | 3,511.56 |
| Trans Continental Records Inc. | 12/10/03 | 1827 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 01/14/04 | 1976 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 02/12/04 | 2124 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 03/11/04 | 2267 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 04/09/04 | 2441 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 05/13/04 | 2619 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 06/14/04 | 2778 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 07/21/04 | 3047 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 08/13/04 | 3177 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 09/22/04 | 3376 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 10/07/04 | 3466 | Jenkins & Gilchrist Parker Chapin, LLP | 2,992.00 |
| Trans Continental Records Inc. | 10/26/04 | | Jenkins & Gilchrist | 10,000.00 |
| Trans Continental Records Inc. | 11/12/04 | 3738 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 12/27/04 | 3905 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 01/14/05 | 4027 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 02/10/05 | 4203 | Jenkins & Gilchrist Parker Chapin, LLP | 10.000.00 |
| Trans Continental Records Inc. | 03/11/05 | 4470 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 04/11/05 | 4658 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 05/11/05 | 4950 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 07/01/05 | 5426 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 07/11/05 | 1023 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 08/11/05 | 1302 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 09/09/05 | 1484 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |

**EXHIBIT A**

**Louis J. Pearlman Et Al**
**Case No. 6:07-bk-00761-ABB**
**United States Bankruptcy Court**
**Middle District of Florida - Orlando Division**

**Jenkins & Gilchrist Parker Chapin - 4 Year**

| Entity | Statement Clearing Date | Check No. | Payee / Received From | Checks / Credits |
|---|---|---|---|---|
| TC Records | 10/11/05 | 1638 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 11/09/05 | 1790 | Jenkins & Gilchrist Parker Chapin, LLP | 10.000.00 |
| TC Records | 12/09/05 | 1939 | Jenkins & Gilchrist Parker Chapin, LLP | 1,141.81 |
| | | | | 307,645.37 |

**EXHIBIT A**

**Louis J. Pearlman Et Al**
**Case No. 6:07-bk-00761-ABB**
**United States Bankruptcy Court**
**Middle District of Florida - Orlando Division**

## Jenkins & Gilchrist Parker Chapin - 2 Year

| Entity | Statement Clearing Date | Check No. | Payee / Received From | Checks / Credits |
|---|---|---|---|---|
| Trans Continental Records Inc. | 03/11/05 | 4470 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 04/11/05 | 4658 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 05/11/05 | 4950 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| Trans Continental Records Inc. | 07/01/05 | 5426 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 07/11/05 | 1023 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 08/11/05 | 1302 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 09/09/05 | 1484 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 10/11/05 | 1638 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 11/09/05 | 1790 | Jenkins & Gilchrist Parker Chapin, LLP | 10,000.00 |
| TC Records | 12/09/05 | 1939 | Jenkins & Gilchrist Parker Chapin, LLP | 1,141 81 |
| | | | | 91,141.81 |

EXHIBIT B